IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISRTICT OF PENNSYLVANIA

John E. Felgar                      :
        Petitioner
                                    :    Civil Action #04-196E

        vs                          :

                                    :
PA. Bd. of Prob. and Parole,        :
ET AL
        Respondents                 :

## MOTION TO OBJECT

  NOW COMES, John E. Felgar, Petitioner in the above captioned matter who objects to as follows:

  1.   On, September 15, 2005, at 2:00, a hearing was held by telephonic communication for a Preliminary Injunction.

  2.   Petitioner was informed that the Respondent would be afforded another reponse reply.

  3.   Petitioner objects to respondents being allowed to file another response reply to the writ of habeas corpus which would not be in accordance with Rule 5 of the Federal Rules of Civil Procedure governing 28 U.S.C §2254.

  4.   Petitioner avers that respondents have previously filed a reponse reply on October 29, 2004, to which evidence to support their conclusion was tainted by concealing and deleting parts of the Petitioner's DC 16-E Sentence Status Sheet within their appendix.

5.    Petitioner avers that the respondents are only to show cause why a Preliminary injuction should not issue.

6.    Petitioner objects to the lower court being allowed to correct a sentence where, "Powers of Sentencing Court to correct a sentence is bounded by considerations of timeliness on part of Trial Court and on Part of aggrieved Party": see Commonwealth v. Quinlan, 639 A.2d 1239, 1240(1994), Also. "Oral Statements made by JUdge in passing sentence, but not incorperated in the written sentence order signed by sentencing Judge, are not part of Judgement of sentence.

7.    Petitioner avers that the correction of the written sentence Order now would be in violation of the Pa. Rules of Criminal Procedure 42 C.S.A Section 5505 and 42 C.S.A. 1410, which is now Rule 720, Also, rule 35 of the Federal Rules of Criminal Procedure and the Petitioners substantial due process rights of the 14th Amendment to the United States Constitution.

8.    Petitioner avers that the said sentence was previously corrected on, August 26, 2002, within (7) days to a (5)Five year concurrent probationary term and to make another correction would cause the Petitioner further undo suffering and harm.

9.    Petitioner further avers that ambiguties in PLea Agreements, i.e. sentencing orders, are constued against the Drafter; see U.S. v Gerbbie, 294 F.3d 540(3rd cir 2002)

10.    Petitioner objects to the Telephonic Communication hearing because he was not able to compare important documents and/or submit certain documents to the court for review.

WHEREFORE, Petitioner moves this court to set a date for trial and/or vacate judgement of sentence and release the Petitioner immediately to prevent an ongoing violation of his Constitutional Rights and further irreparable injury and/or grant injunctive relief until the disposition is final in the above captioned matter.

Respectfully Submitted

Date: 9-19-05

John E. Felgar / FB9616
SCI Albion
10745 Route 18
Albion, PA 16475-0002

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within Motion to Object was served upon the following individuals via First Class mail on September _19th_, 2005:


Office of Attorney General
Commonwealth of Pennsylvania
564 Forbes Avenue
Manor Complex
Pittsburgh, PA 15219

Clerks Office
United States District Court
P.O. Box 1820
Erie, PA. 16507

DATE: 9-19-05

John E. Felga
S.C.I. Albion
10745, Route 18
Albion, PA. 16475-0002