IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN E. FELGAR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No.  04-196 Erie |
| ) | |
| PENNSYLVANIA BOARD OF ) | |
| PROBATION AND PAROLE, ) | |
| ) | |
| Respondent. ) | |

**SUPPLEMENTAL ANSWER**

AND NOW, comes the respondent by its attorneys, Thomas W. Corbett, Jr., Attorney General, Kemal Alexander Mericli, Senior Deputy Attorney General, Susan J. Forney, Chief Deputy Attorney General, Chief Litigation Section, and submits the following in response to the latest aspect of the instant petition for a writ of habeas corpus presented in the current form for first time in this case in petitioner's most recent motion for a preliminary injunction:

1. Only after, and as a result of the recent filing of the motion for preliminary injunction, and even more so because of the two telephone hearings on the motion on September 16, 2005 and September 23, 2005 conducted by this Honorable Court, has the real issue in this case with Mr. Felgar's sentence finally become clear enough to be analyzed.

2. Mr. Felgar argues that the literal terms of the order of the judge of the Jefferson County Court of Common Pleas of August 26, 2002 (that was intended to correct the error in purporting to give him a 5 years term of probation on a misdemeanor 2 charge of Simple Assault and to make it clear that it corresponded actually to the Terroristic Threats charge) erase the 6-24 month sentence on Simple Assault, although unintentionally accidentally it seems.

3.      The problem with this literal and concrete approach is that it violates every canon of legal construction used in construing statutes and interpreting contracts, and in drawing wills, all of which generally require that provisions be interpreted as consistent with each other as much as possible and in order to avoid absurd results, and to give effect to as much of the document's dispositions as possible and the legislature's, drafter's or testator's intent insofar as it may be discerned.  Certainly Judge Foradora's order of August 26, 2002 only makes sense as an effort to amend the illegal probation order for Simple Assault. Why would the judge do away with the valid Simple Assault sentence for 6-24 months then replace it with probation for Terroristic Threats yet leave intact the invalid Simple Assault probation order that was the only reason for him to change the orders of August 22, 2002 in the first place?  The interpretation that the amendment was meant to and should apply to the probation order is the only thing that makes sense.  The judge made a clerical error that can be understood as such.  It is not necessary to treat it blindly as ordaining a mischief that plainly was not intended.  Mr. Felgar seeks to profit from this mishap but recovery of fumbles should be limited to football games.

4.      Alternatively, the crux of the matter here is what precisely does Judge Foradora's Order of August 26, 2005 mean.  This is an issue in which the virtue of the exhaustion requirement in habeas corpus cases is made manifest.  It makes perfect sense that Judge Foradora should first be given a change to explain and to ameliorate the situation, if possible, and to dispel the controversy regarding how his order – which is the cause of it – should be understood.  More than comity supports the requirement for invoking the state court first here.

5. Mr. Felgar has failed to exhaust an available state remedy for his claim that assails the execution of his sentence as required under either 28 U.S.C. § 2241 or 28 U.S.C. § 2254. Faulkner v. Pa.D.O.C., 221 F.Supp. 2d 560, 562-563 (E.D.Pa. 2002).

6. Faulkner is on point. (Like Felgar, Faulkner complained that he was being illegally detained under a state sentence that should no longer have been in effect.) Because Mr. Felgar has failed to pursue an available state remedy for improper sentence calculation of this kind he is not entitled to federal habeas relief presently, which is what his current claim amounts to.

7. Mr. Felgar is required by that case to have filed a petition for a writ of habeas corpus ad subjeciendum in the Court of Common Pleas of Jefferson County challenging his alleged illegal confinement under Judge Foradora's sentence. Id., 563 citing Commonwealth v. Isabell, 503 Pa. 2, 467 A.2d 1287, 1291 (1983).

8. "[T]his writ is 'particularly suited to the wrong alleged in this case, illegal detention resulting from an incorrect computation of appellant's sentence by prison officials'." (…) A petition for writ of habeas corpus ad subjeciendum is properly brought 'in the court which initially imposed the sentence.'" Id. The sentencing court is in the best position to resolve disputes about the sentence. Id.

9. The applicable one year statute for bringing this petition as a state prisoner has also expired because Mr. Felgar could have discovered his predicament on receipt of the August 26, 2002 corrective order through the exercise of due diligence and he did not file his

habeas action until after August 25, 2003. Farley v. Pa. B.P.P., 2004 WL 1941251 (E.D.Pa.) at 2 citing Mitchell v. D.O.C., 272 F.Supp. 2d 464, 476 (M.D.Pa. 2003).[1]

       WHEREFORE, this petition, it is respectfully submitted, should be dismissed and the writ DENIED.

Respectfully submitted,

**THOMAS W. CORBETT, JR.**
**Attorney General**

By:   s/Kemal Alexander Mericli
       Kemal Alexander Mericli
       Senior Deputy Attorney General
       Attorney I.D. No. 27703

       Susan J. Forney
       Chief Deputy Attorney General
       Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA   15219

Date:  September 28, 2005

---

[1] Even if Mr. Felgar's claim were cognizable and the mischief done by this clerical error were to be given its fully sway, he would still have been subject to the 12 month backtime "hit" on his prior sentence. The only difference is that it would have had to have related back, in order to give him credit for time served, to the day that the 6-24 month assault sentence was accidentally erased. It expired under this scenario on August 25, 2003. His "illegal incarceration" only begins then conceivably.

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within Supplemental Answer was served upon the following individuals via first-class mail on September 28, 2005:

John E. Felgar, FB-9616
State Correctional Institution
 at Albion
10745 Route 18
Albion, PA 16475

          By:   /s/ Kemal Alexander Mericli
                Kemal Alexander Mericli
                Senior Deputy Attorney General

OFFICE OF ATTORNEY GENERAL
564 Forbes Avenue
6th Floor, Manor Complex
Pittsburgh, PA   15219

Date:  September 28, 2005