**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN E. FELGAR, )<br>      Petitioner, )<br>       )<br>vs. )<br>       )<br>PENNSYLVANIA BOARD OF )<br>PROBATION AND PAROLE, )<br>      Respondent. ) | C.A. No. 04-196 Erie<br>District Judge McLaughlin<br>Magistrate Judge Baxter |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that Petitioner's Motion for Preliminary Injunction [Document # 25] be denied.

**II.    REPORT**

Petitioner, an inmate at the State Correctional Institution at Albion ("SCI-Albion"), instituted this habeas corpus action seeking release from imprisonment, claiming that he has been incarcerated illegally since April 2004 "due to the Pennsylvania Board of Probation and Parole's ("Parole Board") illegal recommittment [sic] and recalculation of the maximum sentence date." (See Document # 3, Par. I).

On September 7, 2005, Petitioner filed a motion for preliminary injunction [Document # 25], seeking an order enjoining the enforcement of a concurrent probationary term after his re-calculated maximum prison sentence expires on or about October 10, 2005. Hearings on Petitioner's motion for preliminary injunction were held by telephone before Magistrate Judge Susan Paradise Baxter on September 15, 2005, and September 23, 2005. During these hearings, it became apparent that the relief Petitioner seeks in both his habeas corpus petition and his pending motion for preliminary injunction stems from his challenge of the state trial court's sentencing order, dated August 22, 2002, and the Parole Board's subsequent interpretation of the same.

Injunctive relief in any form is an extraordinary remedy that should be granted in "limited circumstances." AT & T v. Winback and Conserve Prog. Inc., 42 F.3d 1421, 1427 (3d Cir.1994) (citations omitted). To obtain a preliminary injunction, the District Court must consider: (1) the likelihood of success on the merits; (2) the extent of irreparable injury from the alleged misconduct; (3) the extent of harm to the movant; and (4) the effect on public interest. Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir. 1990). The preliminary injunction remedy "must be reserved for extraordinary circumstances...." Hoxworth v. Blinder, Robinson & Co. Inc., 903 F.2d 186, 189 (3d Cir. 1990). If the record does not support a finding of both irreparable injury and a likelihood of success on the merits, then a preliminary injunction cannot be granted. Marxe v. Jackson, 833 F.2d 1121 (3d Cir. 1987). Irreparable injury is established by showing that Plaintiff will suffer harm that "cannot be redressed by a legal or an equitable remedy following trial." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989)("The preliminary injunction must be the only way of protecting the plaintiff from harm"). Plaintiff bears this burden of showing irreparable injury. Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.), cert. Denied, 493 U.S. 848 (1989). In fact, the Plaintiff must show immediate irreparable injury, which is more than merely serious or substantial harm. ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987). The case law provides some assistance in determining that injury which is irreparable under this standard. "The word irreparable connotes 'that which cannot be repaired, retrieved, put down again, atoned for...'." Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994)(citations omitted). Additionally, "the claimed injury cannot merely be possible, speculative or remote." Dice v. Clinicorp, Inc., 887 F.Supp. 803, 809 (W.D.Pa. 1995). An injunction is not issued "simply to eliminate the possibility of a remote future injury..." Acireno, 40 F.3d at 655 (citation omitted).

In this case, Petitioner's request for immediate relief in his motion for preliminary injunction necessarily seeks resolution of the ultimate issue presented in Petitioner's habeas corpus petition, i.e., the validity and proper interpretation of the state court's sentencing order, dated August 22, 2002. Thus, Plaintiff cannot demonstrate that he will suffer irreparable harm

2

if he is not granted a preliminary injunction, because the ultimate issue presented will be decided by this Court in due course upon consideration of Petitioner's habeas corpus petition. As a result, Plaintiff's motion for preliminary injunction should be denied.

### III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's motion for preliminary injunction [Document # 25] be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (c), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

S/Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge