IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

John E. Felgar,
    Petitioner,
V.     :  Civil Action No. 04-196 E
Pa. Bd. of Prob. & Parole, et al.,
    Respondent

PETITIONERS CROSS REPLY TO
RESPONDENTS SUPPLEMENTAL ANSWER

AND NOW COMES, John E. Felgar, Petitioner, and submits the following in reply to respondents supplemental answer to the petitioners motion for preliminary injunction which was denied on, September 23, 2005, in a telephone hearing in reffence to the petition for writ of habeas corpus in the above captioned case:

1. Petitioner denies that after two recent hearings held, on September 16th, 2005 and September 23, 2005, conducted by this honorable court, concerning the recent filing by the petitioner for a preliminary injunction, that the real issue concerning the petitioners sentence has just

(1)

Now become clear enough to be analyzed by the respondent. Petitioner avers and it is believed that the real issue concerning the petitioners sentence was presented to the respondent, on 9-9-2004, in which the respondent answered, on **10-29-04**, by concealing evidence and acting in malfeasance under color of law. And now at the conclusion of the hearing on, September 23, 2005, on the motion for preliminary injunction it was admitted by the respondent that the petitioner is currently serving a suspended sentence in the state correctional institution pursuant to the corrected written sentence order of, August 26, 2002. The real issue here is not the further analization of the petitioners sentence, but, the negligence and fraud committed by officials against the petitioner, the unlawful commitment, & unlawful confinement and the violations of the petitioners (5th) Fifth and (14th) Fourteenth Amendments to the United States Constitution that the petitioner continues to suffer. From.

2. Mr. Mericli's presumption that the Judge of the Jefferson County Court of Common Pleas had corrected an error by order, on August 26, 2002, but, "unintentionally and accidentally

(2)

Erased" or suspended the sentence of six(6) to twenty-four(24) months is preposterous and is just another attempt by Mr. Mericli to create a red-herring and boiler plate issue.

3. The problem with Mr. Mericli's assumption is that he does not respect nor understand the law when interpreting the clearly plain language with-in written sentencing orders nor the corrections of illegal written sentence orders and furthermore plea aggreements, ie, contracts that are made void when the provisions are misinterpreted or amended outside the knowledge or presence of the contractee. Surely Judge Foradora's order of, August 26, 2002, (to correct the written sentence order of, August 22, 2002), was not a second error. It only makes sense that after an illegal sentence order was drafted and signed by the president Judge of Jefferson County that a corrected and reduced sentence would be appropriate. Why would the Judge impose a prison sentence for an (M2) a lesser offense of simple assault, and then impose a probation term for an (M1) offense of terroristic threats, a greater offense. This does not make sense. All the Judge did away with was the

(3)

lables of the written sentence order which was simple assault and made the titles and/or lables Terroristic threats with simple assault running con--current with the Five (5) year probationary term. Again the respondent is trying to guess and make sense out of a clearly unambiguous amended sentence order. The Judge did not make another clerical error. What does make sense is the respondents and officials attempting to cover up and vindicate themselves of any wrongful doing concerning the petitioner's unlawful commitment and further confinement in the state correctional institution. The petitioner does not seek to profit from the undo punishment which he has suffered from, but, does expect to be compensated and seek justice for the illegal acts caused by officials. As for Mr. Mericli's unproffessional comments referring to "recovery of fumbles and football", the correct analogy is "Fouls should be penalized for breach of the rules".

4. Petitioner avers that Judge Foradora was conviently on vacation and was not present at the petitioners Post conviction relief hearing of, August 8, 2003, where senior president Judge Henry presided in Judge Foradora's place. Judge Foradora's decision to

(4)

not be present is obvious. Petitioner did invoke the state court first and did address the issue of the amended written sentence order at the Post Conviction hearing of, August 8, 2003, but, the petitioners public defender, John Engros, quickly interrupted the petitioner and gave an inadequate explaination to the court. SEE: P.C.R.A. Transcripts pgs 20-23 attached as Appendix(A). The petitioner was just as confused concerning the amended order at the time as Judge Henry would have been if he would have been given the chance to review the order. Petitioners attorney, John Engros, of the Jefferson County Public defenders office intentionally exploited his public office position by siding with the commonwealth to mislead the court and this petitioner concerning the amended written sentence order of, August 26, 2002, in an effort to cover up and/or conceal the fact that the petitioner was unlawfully committed and illegally confined in a state correctional institution. The petitioners' limited knowledge of the law at the time of the P.C.R.A. hearing was taken advantage of by officials and had procedurally defaulted the issues of the petitioners constitutional rights that had been violated concerning the unlawful commitment of the Petitioner. As the petitioner referred to by telephonic

(5)

communication at the hearings for preliminary injunction on, September 15, 2005, and September 23, 2005. Powers of sentencing court to "correct errors" regarding sentence is bounded by considerations of timeliness on part of part of trial court and on the part of the aggrieved party; SEE: Com. v. Quinlan, 639 A.2d 1239, 1240, 1241 (Pa. Super 1994); also, rules requiring timely modification of sentence controlled where sentence, as originally written, signed and recorded, was not challenged as illegal, patently contradictory, or fraudulently procured, 42 Pa. C.S.A. § 5505; rules Crim. Proc., rule 1410, 42 Pa. C.S.A.; rules App. Proc., Rule 1701, 42 Pa. C.S.A.; Also, Commonwealth may pursue a correction, modification or increase in originally imposed sentence as no sentence is final until right of appelate review has been exhausted or waived; however, rule which provides that motion to modify sentences must be filed with sentencing court prior to obtaining appelate review of sentence applies to the commonwealth, and failure to comply with rule constitutes waiver of right to appelate review. Rules Crim. Proc., rule 1410, 42 Pa. C.S.A.. Com. v. Martin, supra (Trial court lacked jurisdiction to modify a sentence, once the thirty-day period for filing an appeal has passed.

(6)

5. The petitioner did in fact exhaust his remedies at the post conviction relief hearing and is permitted to seek a ~~writ~~ Federal habeas corpus under 28 U.S.C. Section 2241(C) and 28 U.S.C. Section 2254(b); SEE: Wenger V. Frank, 266 F.3d 218, 220, 224-225 (2000); Also, Petitioners memorandum in support of Petitioners answer to respondents answer to petition for writ of habeas corpus, par. No.#8-11, pg. 9-16, dated, November 11, 2004.

6. Unlike Faulkner, the petitioner complains that he was unlawfully committed not illegally detained

7. It is admitted that the Petitioner had in fact originally filed a writ of habeas corpus ad subjeciendum in the Court of Common Pleas of Jefferson County challenging the amended sentence order of August 26, 2002, where the court construed the writ as a petition for post conviction relief. SEE: Appendix (A) pg. 23.

8. Petitioner avers that state court preceedings were ineffective. Also, under the anti terrorism and effective death penalty act of 1996 which revised the procedures for habeas corpus proceedings. 104(1) of the act states that applications by persons in state custody "shall not be granted unless it appears that.... the applicant has no available state remedy or that process would be ineffective." Petitioner avers that exhaustion of state court remedies should be excused on the ground of futility. SEE: NO.#10 & 11 on pages 15 & 16 of the petitioner's memoradum in support of petitioners answer to respondents answer to petition for writ of habeas corpus, dated: November 11, 2004.

9. It is admitted that the petitioner is with-in the appicable one year statute where the one year statute for filing a federal habeas corpus did not begin until, August 8, 2003, where the petitioner had challenged his sentence at the post conviction relief hearing and then filed the writ for habeas corpus on, August 3, 04, which

was clearly within the one year statute for filing the habeas action. Petitioner now re-avers and incorporates this cross reply with the memorandum in support of Petitioner's Answer to Respondents Answer to the Petition for writ of habeas corpus filed on, November 11, 2004, as fully set forth within.

Wherefore, this petition, it is respectfully submitted, should not be dismissed, the writ should be granted with judgement in favor of the petitioner for the clear abuse of the Petitioners constitutional rights, 14th, 5th Amendments and for the unlawful acts committed by officials against the petitioner. Petitioner also request this honorable court to vacate the Judgement and sentence and permit the Petitioner to seek a 1983 action in this matter.

Date: 10/17/05

Respectfully Submitted

John E. Felgar

John E. Felgar, Pro Se.
130 South Pickering Street
Brookville, PA. 15825-1419

(9)

IN THE COURT OF COMMON PLEAS OF JEFFERSON COUNTY,
PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA     :
                                 :
        vs.                      :   No.  632 - 2001 Cr.
                                 :
JOHN E. FELGAR,                  :
        Defendant                :

**COPY**

POST CONVICTION RELIEF ACT
HEARING

Pages 1 through 44          Jefferson County Courthouse
                            Second Floor, Small Courtroom
                            200 Main Street
                            Brookville, Pennsylvania 15825

                            **FRIDAY, AUGUST 8, 2003**

BEFORE:                     HONORABLE WILLIAM L. HENRY
                            Senior Judge

APPEARANCES:

  For the Commonwealth:     GREGORY M. BAZYLAK, ESQ.
                            Assistant District Attorney
                            200 Main Street
                            Brookville, Pennsylvania   15825


  For the Defendant:        JOHN M. INGROS, ESQ.
                            Office of the Public Defender
                            Room 222, Jefferson Place
                            Brookville, Pennsylvania   15825


REPORTER:                   THERESA L. CRAVENER
                            Certified Shorthand Reporter

---

THERESA L. CRAVENER
R.D. #2, Box 300
New Bethlehem, Pennsylvania   16242
(814) 275 - 1235

1  your attorney, your trial court attorney here, did anything
2  wrong with regards to your plea.
3      A.   (No response).
4      Q.   Isn't it true, Mr. Felgar, you never listed in there
5  that your attorney did anything wrong; isn't that right?
6      A.   No.
7      Q.   Mr. Felgar, what you did list in there is that the
8  sentence that you received was outside the standard range, and
9  that's why your counsel was ineffective?
10     A.   That there was an amendment to my sentence, that I
11 never got it.  My attorney never gave it to me.  And I was
12 never aware of it.
13     Q.   Mr. Felgar --
14     A.   They changed my Simple Assault charge.  They had
15 Simple Assault on Terroristic Threats, and Terroristic Threats
16 for probation and a sentence -- they had Simple Assault for
17 both the sentence and the probation order.  And I was confused
18 by that, because they made an amendment which changed the
19 probation order to Terroristic Threats.  And it looked to me
20 that the sentence was vacated, and I was put on probation for
21 five years.
22             THE COURT:  So the essence of this
23          petition is in regard to the sentence that
24          you received; is that what you're saying?
25             THE WITNESS:  Yeah.  The amendment is

```
 1           over there.  If you'd like to look at it.
 2                MR. INGROS:  If you'd like me to
 3           summarize, Your Honor, what happened, the
 4           Court imposed the incarceration sentence
 5           as Simple Assault and a probation sentence
 6           to Terroristic Threats.  Through
 7           transcription errors, both were listed as
 8           Simple Assault to the same count, which
 9           would have made the sentencing illegal.
10           But Judge Foradora caught it the following
11           the day and amended it to correct it.  He
12           was confused of that.
13                THE WITNESS:  I became aware of this
14           through a public defender for a revocation
15           hearing for parole.  I had no idea this
16           was even done.  And when it came to my
17           attention, I said, whoa, what is this?  I
18           was confused.  So that's when I did this.
19           I thought it was all screwed up.
20                THE COURT:  Okay.  I understand.
21  BY MR. BAZYLAK:
22      Q.   Mr. Felgar, that's the only allegation of
23  ineffectiveness that you listed?
24      A.   Pardon me.
25      Q.   That's the only thing that you claim your attorney
```

```
 1  was ineffective for doing, was your sentence?
 2       A.   Oh, it is?  What's this big thing back here.
 3       Q.   No, sir.  Read your motion, first two pages.
 4       A.   What's this?  One, two, three, four, five, six,
 5  seven pages long about ineffective counsel?
 6       Q.   Mr. Felgar, your allegations -- Mr. Felgar, all
 7  right.  Paragraph 5 --
 8       A.   That was a mistake.
 9       Q.   Paragraph 5 of your petition, Mr. Felgar, what you
10  allege is what against your attorney?  Because that's all you
11  allege.
12       A.   Which one?
13       Q.   Go ahead.  Take a look.  Tell me what you allege.
14       A.   It must have been a mistake, or I must have been
15  still confused.
16       Q.   Isn't it true, Mr. Felgar --
17            THE COURT:  Well, it doesn't matter
18       anyway.  The guy has a PCRA pending.
19            THE WITNESS:  That's mute.  Whoever
20       said that in the PCRA, right, that it had
21       no. --
22            MR. BAZYLAK:  Nothing further.
23       That's it.
24            THE COURT:  Anything else?
25            MR. BAZYLAK:  No.
```

1  THE COURT: Any redirect?

2  MR. INGROS: Just one.

3  REDIRECT EXAMINATION

4  BY MR. INGROS:

5  Q. Whenever I read this Habeas Corpus that you
6  prepared, would I be correct in saying that at least in the
7  denial of effective assistance, the two paragraphs you have
8  listed there, those are snippets from a case or two that you
9  would have read? They appear to be portions.

10  A. Yeah. I had another inmate help me.

11  Q. Was this document meant to be an all-in-one,
12  all-encompassed with all of your other hearings in this case?

13  A. Yeah. I suppose.

14  THE COURT: Let me ask a true or
15  false question.

16  THE WITNESS: That's what I was
17  trying to show the Court on the big thing,
18  the effectiveness of counsel.

19  THE COURT: True or false, the
20  petition I'm entertaining today is a
21  petition for Post Conviction Relief,
22  period?

23  MR. INGROS: Yes.

24  THE COURT: Got it. Okay. I
25  understand what I'm supposed to entertain.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PROOF OF SERVICE

I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. SEC. 1746.

Office of Attorney General
Commonwealth of Penna.          (1) copy
564 Forbes Ave.
Manor Complex, 6th Floor
Pittsburgh, PA. 15219

Clerks Office
U.S. District Court      (1) copy & (1) original
P.O. Box 1820
Erie, PA. 16507

Executed on: 10/17/05          _John E. Felgar_
                                John E. Felgar, Pro SE