IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No.: _____       O 0 3 cc   a

JOHN E. FELGAR,
        Petitioner,

v.

PENNSYLVANIA BOARD OF PROBATION AND PAROLE,
        Respondents

## PETITION FOR PERMISSION TO APPEAL

This is a final judgment dismissing my habeas corpus action as moot because I am no longer incarcerated and the Respondents refused to put me on Probation as they were ordered.

I, John E. Felgar, was an inmate at the State Correctional Institution at Albion. My prisoner number was FB9616 and I was released on October 10, 2005 from prison. I filed my habeas corpus Petition on August 3, 2004, some fourteen (14) months before I was released from the SCI Albion, (See attached Docket marked Exhibit 1, Doc 2).

On January 6, 2006, the Magistrate Judge, Susan P. Baxter recommended the habeas corpus Petition be dismissed as moot because I was no longer incarcerated, (See attached Docket marked Exhibit 1 Doc 41).

My original Order from the Court of Common Pleas of Jefferson County ordered the Respondent, (here the Pennsylvania Board of Probation and Parole) to supervise three (3) years of Probation, (Order attached as Exhibit 2).

The Respondents then control whether or not I am on probation for three (3) years after I served my sentence at SCI Albion, after being set free on October 10, 2005. At this time, under the Court of Common Pleas Order of John H. Foradora, P.J., the Respondents are required to place me on probation.

In the case of Lee v. Stickman, 357 F.3d 338, 342 (3rd Cir. 2004), this Court cited it's opinion in Barry v. Brower, 884 F.2d 294, 296 (3rd Cir. 1988), for the fact that a person on parole is in custody for the habeas statute.

The question to be decided here is whether the Respondents can cause me (the Petitioner) to be out of custody by ignoring their duty to win a habeas corpus Petition on the grounds of mootness.

Wherefore, it is respectfully requested that this Honorable Court take jurisdiction of this matter to determine the issue.

                                                  Respectfully Submitted,

By: *John E. Felgar*
John E. Felgar
130 South Pickering Street
Brookville, PA 15825

Date: 3/3/06

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No.: _____

JOHN E. FELGAR,
        Petitioner,

v.

PENNSYLVANIA BOARD OF PROBATION AND PAROLE,
Respondents

## VERIFICATION

I, John E. Felgar, hereby verify that the statements made in the foregoing Petition for Permission to Appeal are true. I understand that false statements herein made are subject to the penalties of 18 Pa C.S. 4904 relating to unsworn falsifications to authorities.

Date: 3/3/06          *John E. Felgar*
                                                John E. Felgar

Dec 06 05 02:08p    Mike's Super Market 52024   8148490964                p.2

COURT OF COMMON PLEAS OF JEFFERSON COUNTY  **FILED**
PENNSYLVANIA
CRIMINAL                                    AUG    2002

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : No. | 632 - 2001 Cr. |
| vs. | : OTN: | H 284299-1 |
| | : Charge: | Simple Assault (M-2) |
| JOHN E. FELGAR, | : | |
| Defendant. | : Pros: | Ofr. Kirk Brudnock |
| | : | Reynoldsville PD |

### PROBATION ORDER

AND NOW, August 22, 2002, the defendant having entered a plea of guilty in this matter, the imposition of sentence is hereby suspended and the defendant is placed on probation for a period of FIVE (5) YEARS, under the supervision of the Pennsylvania Board of Probation and Parole, upon the following terms and conditions:

1. The defendant will comply with the general rules, regulations and conditions of probation.

2. The defendant will also comply with the following special conditions of probation:

    A. Pay the costs of prosecution.

    B. Pay a fine in the amount of Two Hundred Dollars ($200.00).

    C. Pay a supervision fee of Thirty Dollars ($30.00) per month.

3. Said probation shall run concurrent with the sentence imposed at No. 632-2001 Cr., charge of Simple Assault.

BY THE COURT,

*[signature]*
P. J.

ENTERED

PETITIONER'S EXHIBIT